NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0117n.06

Case No. 22-5094

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | FILED<br>Mar 07, 2023<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| DUSTIN R. STONE, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: GIBBONS, BUSH, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** After a jury trial, Dustin Stone was found guilty of attempting to entice a minor to engage in unlawful sexual activity and committing a felony offense involving a minor while under a reporting requirement. Stone appeals his convictions, arguing that the evidence was insufficient to sustain the convictions. For the reasons below, we AFFIRM.

I.

On November 21, 2018, Stone randomly texted Cynthia Benitez, a woman he did not know. After only a few exchanged text messages, Benitez "got the vibe that [she] didn't want to talk to [Stone]." [R. 149, PageID 999–1000]. So when Stone (initially going by Dustin Conners) asked Benitez her age, Benitez told Stone she was thirteen years old. Benitez hoped that Stone would stop contacting her if he thought she was underage. But Stone didn't stop. Instead, Stone asked Benitez, whom he believed to be a thirteen-year-old girl, if she wanted to exchange pictures.

Case No. 22-5094, *United States v. Stone*

Benitez reported Stone's disturbing behavior to the Paducah City Police Department immediately after Stone requested to exchange pictures. Law enforcement directed Benitez to explain to Stone that her mother monitored the original number he texted and to ask him to text a different phone number; and Benitez complied.

Thereafter, Detective Beau Green began communicating with Stone as "Cyndi," a thirteen-year-old girl. As they communicated, Stone continued to ask Cyndi to send him pictures of herself. Det. Green sent a grainy image of a woman whom he believed appeared to look like a young girl, but whose age was questionable. Stone told Cyndi that he loved her body and asked whether her "boobs [were] big or small." [R. 150, PageID 1044]. Cyndi responded that "[t]hey were kinda in between" and that she "[had not] had them long." [*Id.*]. Stone then asked Cyndi to show them to him. When Cyndi asked Stone how old he was, he told her he was fifteen years old and again asked her to send a picture of her chest.

Eventually, Stone's communications with Cyndi began to progress toward questions of sexual activity. For instance, Stone asked Cyndi if she was a virgin and if she had ever performed oral sex, and he continued to ask her to send naked pictures of herself. At one point, Cyndi refused to send any pictures but agreed to talk to Stone. Stone called Cyndi and spoke with Officer Cassandra Ravens, who took on Cyndi's voice. Stone mentioned to Cyndi that she "sound[ed] older." [*Id.* at 1095–96]. As Stone's messages became even more explicit, he began to ask Cyndi to perform sexual acts with him. He also asked her if she wanted to "make a baby." [*Id.* at 1067]. Cyndi told Stone she was "too young for that," as she was only thirteen and did not want to get pregnant. [*Id.* at 1052, 1067, 1069].

On November 26, 2018, Stone began making plans to meet Cyndi, but also cautioned Cyndi about getting caught. Cyndi assured him that she would not tell anyone if Stone would not, and

Case No. 22-5094, *United States v. Stone*

Stone responded, "I ain't telling no one." [R. 43-1, Page ID 190; R. 150, PageID 1060]. As they discussed where they would meet, Stone also questioned Cyndi about where they would have sex. The two settled on meeting at the EZ Shop on Bridge Street in Paducah on December 3, 2018. Stone also asked Cyndi to shave her legs and genital area, have her toes painted, and told her to wear "something that [would] be easy to get off." [R. 150, PageID 1062–63]. Stone again cautioned Cyndi about getting caught, explaining to Cyndi that he did not want anyone to know so he would not get in trouble. When Cyndi asked Stone why he would get in trouble, Stone responded, "[b]ecause it's illegal for a [sic] over the age of 18 person to be with an under the age of 18 person, so no one can find out. Period." [*Id*.].

Stone showed up at the EZ Shop located in Paducah on December 3, 2018, and was arrested. During the arrest, officers seized the vehicle he drove and a cell phone located in the front passenger compartment. Stone confirmed to Det. Green that he was meeting Cyndi to have sex with her. Law enforcement recovered deleted text messages during the forensic examination of Stone's phone.

Detectives were able to identify Stone from a photograph of his driver's license that he sent Cyndi. Following Stone's arrest, Det. Green discovered messages from Stone to two fourteen-year-old girls that were also sexual in nature that had been sent in the weeks before he initiated contact with Cyndi and continued during Det. Green's investigation of Stone's communications with Cyndi.

Det. Green testified that during the time he communicated with Stone as Cyndi, he reiterated that Cyndi was thirteen years old through text messages and during telephone calls when female officers impersonated Cyndi. Det. Green testified that Cyndi would also imply she was underage by stating, "[she] was in school," "[her] parents were close by," and that she would have

Case No. 22-5094, *United States v. Stone*

to sneak around – "things that would be a natural problem for a 13-year-old engaging in [that] kind of conduct." [*Id*. at 1068]. When Cyndi sent Stone a photograph of herself, Stone responded that she looked older than thirteen. Cyndi, however, assured him it was her and explained that she took the picture "one day before school." [*Id*.]. At no point did Cyndi communicate to Stone that she was "any[one] other than a 13-year-old girl." [*Id*. at 1039].

Stone was charged with attempting to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) (Count I) and committing an offense against a minor while under a reporting requirement as a registered sex offender in violation of 18 U.S.C. § 2260A (Count II). The district court bifurcated Counts I and II at trial. The district court first held a jury trial on Count I, followed by the trial on Count II. Stone moved for a directed verdict of not guilty notwithstanding the verdict as to Count I, which the district court denied. The jury found Stone guilty on both counts.

II.

We review de novo a district court's denial of a motion for a judgment of acquittal notwithstanding the verdict. *United States v. Hines,* 398 F.3d 713, 719 (6th Cir. 2005). In reviewing the sufficiency of the evidence, we determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Washington,* 715 F.3d 975, 979 (6th Cir. 2013) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

To preserve the issue of sufficiency of the evidence for appellate review, a defendant must move for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). Absent a proper motion under Rule 29, we review unpreserved claims to determine whether there was a manifest miscarriage of justice and will "only reverse a conviction if the record is devoid of

Case No. 22-5094, *United States v. Stone*

evidence pointing to guilt." *United States v. Carnes,* 309 F.3d 950, 956 (6th Cir. 2002) (citing *United States v. Abdullah,* 162 F.3d 897, 903 (6th Cir. 1998)).

Stone properly moved for a judgment of acquittal as to Count I, but he did not move for a judgment of acquittal as to Count II. We therefore review his claims under the applicable standards.

### III.

Stone challenges his conviction under Count I on the basis that he believed Cyndi was an adult woman, not a thirteen-year-old girl, and therefore, he could not have violated 18 U.S.C. § 2422(b). A defendant violates § 2422(b) when the defendant knowingly persuades, induces, entices, or coerces a minor to engage in illegal sexual activity "or attempts to do so[.]" 18 U.S.C. § 2422(b). To convict Stone at trial, the jury had to find beyond a reasonable doubt that: (1) Stone used interstate commerce in an attempt to knowingly persuade Cyndi to engage in sexual activity, (2) Stone believed that Cyndi was younger than sixteen years old,[1] and (3) if sexual activity had occurred, Stone could have been charged with a criminal offense under Kentucky law. *See United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011). We have held that a defendant violates § 2422(b) "even if the targeted minor is not a real person as long as the defendant demonstrates that he is, or is attempting to, persuade, induce, entice, or coerce the minor to engage in sexual activity." *United States v. Roman*, 795 F.3d 511, 516 (6th Cir. 2015) (citations omitted); *see United States v. Hackworth*, 483 F. App'x 972, 978 (6th Cir. 2012) (upholding a conviction under § 2422(b) where

---

[1] Although § 2422(b) forbids enticing an individual who is under eighteen, the age of consent in Kentucky is sixteen, and a § 2422(b) violation requires that the defendant entice the individual to "engage in . . . any sexual activity for which any person can be charged with a criminal offense." Therefore, the federal statute is applied through the lens of Kentucky law. *See United States v. Zulawski*, No. 20-5577, 2022 WL 247742, at *8 (6th Cir. Jan. 27, 2022). Per the Sixth Circuit Pattern Jury Instructions § 16.09 ("Use Note"), if the offense has an age standard of less than 18 years, the younger age or age range should be substituted.

Case No. 22-5094, *United States v. Stone*

the defendant attempted to entice an undercover agent posing as a minor female to engage in sexual activity). On appeal, Stone only challenges whether the evidence was sufficient to establish that he knew Cyndi was younger than sixteen years old.

The evidence presented at trial was sufficient for a reasonable jury to find that Stone believed Cyndi was younger than sixteen years old. Cyndi told Stone (in text messages and in conversations where officers posed as Cyndi) that she was thirteen. When Stone asked Cyndi if she wanted to have a child with him, Cyndi responded that she was too young to get pregnant. And at various times, Cyndi would tell Stone that she was with her parents or at school.

Stone argues that the Government failed to establish that he believed Cyndi was thirteen years old because Stone mentioned that the officer posing as Cyndi sounded older than thirteen and because the picture that Cyndi sent Stone was of an adult woman. But Stone's statement to Cyndi that "it's illegal for a [sic] over the age of 18 person to be with an under the age of 18 person, so no one can find out" indicated he believed Cyndi was under the legal age for consensual sex. Although Stone incorrectly referenced eighteen as the statutory age of consent, he continued to pursue sex with Cyndi even after she denied being older than thirteen. Based on the totality of the evidence presented at trial, we conclude that a reasonable juror could find Stone believed that he was communicating with someone who was under the age of sixteen, not an adult.

IV.

Stone next argues his conviction under 18 U.S.C. § 2260A must be reversed if we reverse his conviction under § 2422(b). Because we uphold Stone's § 2422(b) conviction and because Stone makes no other challenge to his § 2260A conviction, we will not disturb that conviction.

V.

For the foregoing reasons, we AFFIRM Stone's convictions.